**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WALTER HERNANDEZ, SR., ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 04-3344-MLB |
| ) | |
| E.J. GALLEGOS AND KENDALL HUGHES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks damages related to his alleged exposure to second hand smoke and proceeds pro se on a complaint filed under the Federal Tort Claims Act and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendants move to dismiss plaintiff's complaint on the basis that he failed to exhaust his administrative remedies. (Doc. 22). The motion has been fully briefed and is ripe for decision. Docs. 23, 36, 38). Defendants' motion is granted, for reasons herein.

**I.   Facts**[1]

Plaintiff is an inmate currently confined in the United States Penitentiary (USP) in Coleman, Florida. At the time of the alleged violations, plaintiff was confined at the USP in Leavenworth, Kansas. Plaintiff alleges that his constitutional rights have been violated

---

[1] Although both defendants and plaintiff submitted evidence for the court to consider, the court has only considered the documents attached to plaintiff's complaint in deciding this motion. In deciding a motion to dismiss based on exhaustion, the court may consider the administrative materials attached to plaintiff's complaint without converting the motion into one for summary judgment. <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1212 (10th Cir. 2003).

in two different ways.  First, defendants violated federal law by allowing inmates to smoke inside of USP Leavenworth.  Second, defendants violated plaintiff's rights by forcing plaintiff to live with a known smoker for nine months.  (Doc. 1 at 5).

On November 13, 2003, plaintiff's Administrative Remedy No. 316498-F1 was received by the Warden.  The Request for Administrative Remedy sought cessation of the sale of all tobacco products at USP Leavenworth.  Plaintiff asserted that the staff was not enforcing the policy which prohibited inmates from smoking in certain areas and, as a result, he was being exposed to second-hand smoke.  The request did not specifically name any staff members at USP Leavenworth.  On November 21, 2003, acting Warden N. L. Connor denied plaintiff's request on the basis that the smoking policies of USP Leavenworth permitted smoking only in inmate cells and that the policy would continue to be enforced by USP Leavenworth staff.  (Doc. 1, exhs. 1, 2).

On December 8, 2003, the BOP North Central Regional Office received plaintiff's appeal.  Plaintiff stated that he was appealing the decision since the staff is unable to enforce the current policy. Again, plaintiff requested cessation of the sale of all tobacco products, but did not specifically name any staff members.  On December 19, 2003, plaintiff's request was denied on the basis that the Warden's response had addressed plaintiff's concerns and that the staff would continue to monitor all nonsmoking areas for enforcement of the policy.  (Doc. 1, exhs. 3, 4).

Plaintiff appealed the response of the BOP Acting Regional Director to the National Inmate Appeals Director, Administrative

Remedy No. 316498-A2, on February 10, 2004.  Plaintiff again stated his appeal was based on staff's failure to enforce the smoking policy and sought cessation of the sale of tobacco products at USP Leavenworth.  Plaintiff did not specifically name any staff members at USP Leavenworth.  On April 7, 2004, the National Inmate Appeals Director denied the Administrative Remedy Request on the basis that inmates were allowed to smoke only in their cells and review indicated that USP Leavenworth staff were taking reasonable steps to limit exposure to smoke by enforcing the non-smoking policy when violations were observed.  (Doc. 1, exhs. 5-7).

On January 13 and 22, 2003, plaintiff wrote a letter to Officer Buser, with a notation that the letter had also been sent to defendant Hughes, requesting a placement in a cell with a non-smoker.  On January 27, 2004, plaintiff wrote a letter to defendant Hughes requesting a cell move.  On April 8, 2004, plaintiff wrote a letter to Mr. Sedillo, with a notation that the letter had also been sent to defendant Hughes, asking that plaintiff be moved to a non-smoking unit.  On May 5, 2004, plaintiff wrote a letter to defendant Hughes and again requested transfer.  On June 7, 2004, plaintiff attempted to schedule a medical appointment with Dr. Tharp due to plaintiff's asthma and also requested assistance in being moved off of his unit. On June 17, 2004, plaintiff wrote a letter to defendants Gallegos and Hughes and again asked to be moved into a single-man cell.  The response to this letter was that an individual named Bartholomew is the person who determines whether an inmate can be moved.  On September 2, 2004, plaintiff submitted a concern to Swanson, Buser and Aponte, requesting that he be moved into a single-man cell.  Except

for the response noted on plaintiff's June 17 request, the record is bare of any evidence that plaintiff's concerns were addressed. Plaintiff did not file an appeal based on a denial of these requests. (Doc. 1, attachments).

Defendants seek dismissal on the basis that plaintiff failed to exhaust his claim of medical indifference for failure to transfer him to a non-smoking cell and that plaintiff failed to name either defendant specifically in his claim that requested cessation of the sale of tobacco products. Plaintiff responds that he exhausted his administrative remedies.

## II.  Motion to Dismiss Standards[2]

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

---

[2] Before analyzing defendants' motion to dismiss, the court notes that plaintiff is not represented by counsel. It has long been the rule that pro se pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998).

1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

### III. Analysis

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.... [A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).  In deciding a motion to dismiss based on exhaustion, the court may consider the administrative materials attached to plaintiff's complaint. Id. at 1212.

In order to completely exhaust his administrative remedies, plaintiff was first required to make an informal complaint with a prison counselor. 28 C.F.R. § 542.13.  If plaintiff did not reach his desired resolution, then he must direct the complaint to the Warden

through a written administrative remedy request. 28 C.F.R. § 542.14. If plaintiff's concern was not addressed to his satisfaction by the Warden, plaintiff may appeal the decision to the BOP Regional Director. 28 C.F.R. § 542.15(a). If the Regional Director does not adequately address his complaint, plaintiff may appeal to the Director, National Inmate Appeals, in the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). Plaintiff followed this process when making his complaint regarding inmates who abused the smoking policy and his request that the prison stop selling all tobacco products. Plaintiff, however, failed to utilize this process with regard to his request to be moved to another unit. Plaintiff's complaint states two claims for relief. First, is the violation of his rights for failure to comply with the smoking policy and allowing the sale of tobacco products. Second, plaintiff alleges that his rights have been violated by defendants' failure to comply with his request to be moved to a non-smoking unit. Plaintiff has not exhausted his second claim. While plaintiff submitted numerous letters and requests pertaining to his request to be transferred, plaintiff failed to appeal the supposed denial of those requests.

Accordingly, plaintiff has failed to exhaust his second claim, failure to transfer, against defendants. In Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004), the Tenth Circuit announced that the PLRA requires total exhaustion. If a prisoner submits a complaint containing one or more unexhausted claims, the court must dismiss the entire action without prejudice. Id.; see also Brown v. Eardley, 2006 WL 1587468 (10th Cir. June 12, 2006)(plaintiff has the burden to affirmatively state that all claims have been fully

exhausted).

**IV. Conclusion**[3]

Defendants' motion to dismiss (Doc. 22) is granted. Plaintiff's complaint is dismissed, without prejudice.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  20th   day of June 2006, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE

---

[3] On June 8, 2006, plaintiff filed a "Motion for Enlargement of Time" in order to respond to defendants' reply and amend his complaint to identify "parties and acts attributable to actors identified by complaint." (Doc. 42). "Surreplies are permitted in rare cases but not without leave of court. A court will grant leave to file a surreply for rare circumstances as where a movant improperly raises new arguments in a reply." <u>King v. Knoll</u>, 399 F.Supp. 2d 1169, 1174 (D. Kan. 2005)(internal citations omitted). The court finds no rare circumstances present to justify plaintiff's surreply.

Plaintiff's motion also seeks to amend his complaint. Plaintiff, however, has failed to comply with this court's local rules which require plaintiff to attach his proposed amended complaint to the motion. <u>See</u> D. Kan. R. 15.1.

Accordingly, plaintiff's motion (Doc. 42) is denied.